33 C.C.P.A.(Patents)

## In re PAESANI.

## Patent Appeals No. 5134.

Court of Customs and Patent Appeals.

April 1, 1946.

Carlson, Pitzner, Hubbard & Wolfe, of Chicago, Ill. (Alwin F. Pitzner and Richard Russell Wolfe, both of Chicago, Ill., and William A. Smith, Jr., of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all of the claims, six in number, of an application for a patent for a method of and means for oxyacetylene welding of metals. All of the claims are method claims. They were rejected in view of the prior art, consisting of Alexander, 1,746,207, February 4, 1930; Krebs, 1,866,044, July 5, 1932; Ness, 2,181,095, November 21, 1939; Vaughn et al., 2,194,920, March 26, 1940; Cain, 2,207,655, July 9, 1940.

Claim 1 is illustrative and reads as follows: "1. A method of oxy-acetylene welding consisting in burning a jet of oxygen and acetylene mixed in proportions to obtain a high temperature welding flame, directly applying said flame to the metal to be welded whereby to make a fusion weld, burning a separate jet of hydrogen contiguous to the oxy-acetylene flame, and directly applying the hydrogen flame to said metal so as to envelope said oxy-acetylene flame and said weld."

The subject matter of the rejected claims concerns a method of metal welding by means of a conventional oxy-acetylene flame around which a burning jet of hydrogen surrounds the oxyacetylene flame and the adjacent portion of the weld. The hydrogen envelope prevents the metal being welded from oxidation by the surrounding atmosphere and thus protects it against undesirable change.

The Alexander patent discloses an electric arc welding method in which a hydrogen flame surrounds the arc and the area of the workpiece being welded. The purpose of the hydrogen flame is to protect the welding area from the harmful effects of the surrounding atmosphere. The patentee stated that he found nitrogen as a shield to be inefficient as the welds made when using it as a reducing agent were unsatisfactory in that the welded metal was brittle, and that he then "developed the use of hydrogen instead of nitrogen for surrounding an arc weld."

The Krebs patent also relates to a welding process wherein the heat for the weld is produced by an electric arc, which is surrounded by a hydrogen flame in the same relationship as appears in the Alexander patent.

The patent to Ness relates to blowpipes, welding torches and the like, and discloses

a welding process by means of oxyacetylene gas wherein a lithium compound is introduced into the welding flame to prevent oxidizing conditions around the area being welded.

The patent to Vaughn et al. discloses a welding and brazing process by means of an oxy-acetylene flame with volatile flux compounds which hydrolyze in the presence of moisture to retard oxidation in the welding zone.

The Cain patent discloses a process of oxy-acetylene welding in the conventional fashion in which the welding flame is surrounded by an atmosphere-excluding shield of nitrogen in the welding area.

The Primary Examiner rejected the claims as unpatentable over the Cain patent, holding that the nitrogen of the patent serves the same purpose as the hydrogen of appellant's process, and that there was no invention in substituting the one gas for the other, especially in view of the Krebs process, in which is shown the value of hydrogen as a reducing medium in welding.

The examiner rejected the claims also on the patents to Ness and to Vaughn et al. for the stated reason that there could be no unobvious result in the substitution of hydrogen for the reducing mediums disclosed in those patents.

The claims were further rejected by the examiner on the ground that it would not require invention to substitute an oxyacetylene flame for the electric arc of the Krebs patent, stating "In the welding art one form is deemed to be the full equivalent of the other."

The examiner held that the ratio of hydrogen and oxyacetylene gases as defined in some of the claims was merely a matter of degree or choice and not critical in a patentable sense, stating "It appears that it would be obvious to apply the hydrogen at a lower pressure than the oxy-acetylene."

The Board of Appeals in its decision discussed the rejections of the examiner as based on the Cain, Krebs and Alexander patents, stating that the other rejections of the examiner were cumulative.

Appellant points out that none of the references discloses an oxy-acetylene process of welding which includes a surrounding of the welding flame by a hydrogen flame. While this is true, the method of the Cain patent discloses an enveloping of an oxy-acetylene flame with a jet of nitrogen. The reason for the surrounding of the welding flame by that inert gas is said by the patentee to be to exclude the deleterious effect of the air on the molten metal in the welding area. The process of the Krebs patent shows the envelopment of his electric arc and the corresponding area of the workpiece by a stream of burning hydrogen used in the same relationship to the heat means as the nitrogen is to the heat means in the Cain patent. It appears to us that since both these processes were well known, and since there is nothing in the record to contradict the statement of the examiner that "In the welding art one form [either of arc or oxy-acetylene welding] is deemed to be the full equivalent of the other," there can be no invention in substituting hydrogen for the nitrogen in the process disclosed in the patent to Cain.

In view of what has been pointed out herein, we are of opinion that the claims were properly rejected and the decision of the Board of Appeals is affirmed.

Affirmed.